PIERCE, Justice,
Dissenting.
¶ 53. I respectfully dissent from the majority because I believe the partnership should be responsible for the dealings of one of its partners in this instance. I concur in part with the analysis by Justice Carlson in his dissent concerning the $40,000 payment. I believe that this payment to Timothy Balducci for voir dire services on a case that had not yet gone to trial was a red flag that should have been noticed. I disagree with the Carlson dissent that partners are liable for all actions completed in the course of the partnership, because there may be many situations where an innocent partner should not be held accountable for the intentional and/or criminal behavior of another partner. However, such is not the case here.
¶ 54. Regardless of the amount of fees paid out by SKG, a $40,000 bill paid out for voir dire services on a case that had not yet gone to trial should have raised red flags causing all members of SKG to question the payment. Members of a partnership cannot simply bury their heads in the sand and then claim lack of knowledge to obtain the benefit of the bargain. Therefore, I would find that arbitration is not proper in this matter because the partnership is charged with constructive knowledge of the deal, based on the ignored $40,000 invoice that was paid without question.
CARLSON, P.J., JOINS THIS OPINION IN PART.